UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASSIMO MAZZACCONE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Civil Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Massimo Mazzaccone ("Plaintiff"), by and through his undersigned counsel, brings this proposed class action on behalf of himself and all other similarly situated persons (collectively, the "Class") against Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed class action for breach of contract arising from the Republic's failure to make certain contractually mandated payments of principal and interest on certain of the Republic's debt securities.

2. On or about December 1, 2003, the Republic issued $1,000,000,000 principal amount of 7.0% notes maturing on December 1, 2018, under ISIN No. USP97475AD26 (the "AD26 Notes"). These sovereign notes were issued pursuant to a 2001 Fiscal Agency Agreement (as amended, the "2001 FAA," as described more fully below). They are governed by New York law and subject to the jurisdiction of this Court.[1]

---

[1] A true and correct copy of the 2001 FAA is available upon the Court's request.

3. By its terms, this issuance has the maturity date, December 1, 2018, and semi-annual interest payment dates, June 1 and December 1. The Republic failed to repay principal on December 1, 2018 and failed to make the semi-annual interest payment on December 1, 2017 on the AD26 Notes, and has failed to make accruing semi-annual interest payments thereafter.

4. Plaintiff will seek certification of a proposed class defined to include all holders of AD26 Notes on November 30, 2024, who continue to hold thereafter (the "AD26 Class").

5. For their relief, Plaintiff and the other Class members seek payment of the unpaid principal and the accrued and unpaid interest on their securities, and interest thereon, as provided in the 2001 FAA and in the AD26 Notes themselves, under New York law.

**THE PARTIES**

6. Plaintiff Massimo Mazzaccone is a citizen and resident of Italy. He holds beneficial interests in, and is the beneficial owner of, $10,000 principal amount of the AD26 Notes.[2]

7. Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") is a foreign state as defined in 28 U.S.C. § 1603.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), because the Republic is a foreign state pursuant to 28 U.S.C. § 1603.

9. The Republic has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of or based on the securities issued pursuant to the 2001 FAA, or arising out of or based on the 2001 FAA itself, by holders of the securities issued

---

[2] In common usage, such interests held by investors are simply referred to as note holdings.

thereunder. The Republic is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

10. In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York and the Republic consented in the 2001 FAA to submit to the jurisdiction of this Court, with respect to actions by holders of securities issued under the 2001 FAA, arising out of or based on such securities, or arising out of or based on the 2001 FAA itself.

11. Venue is proper in this Court because the Republic irrevocably consented to venue with respect to actions brought in this Court in connection with the 2001 FAA or the securities pursuant to 28 U.S.C. § 1391(f)(1).

12. The Republic, as stated in the 2001 FAA, has appointed as its authorized agent to receive service of process the Consul General of the Republic or, in his or her absence or incapacity, any official of the Consulate of the Republic, located at 7 East 51st Street, New York, New York 10022. Alternatively, if service cannot otherwise be made, service of process will be achieved through the procedures described in 28 U.S.C. § 1608(a)(4).

## FACTUAL ALLEGATIONS

13. The 2001 FAA governs the AD26 Notes. The 2001 FAA was entered into on or about July 25, 2001, among the Republic, Banco Central de Venezuela as official financial agent of the Republic, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties entered into amendments to the 2001 FAA dated as of September 19, 2003, March 21, 2005, and December 17, 2007. The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles

for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

14. The AD26 Notes held by Plaintiff and by members of the proposed AD26 Class are duly issued and valid unconditional obligations of the Republic.

15. Plaintiff's holdings are summarized in the following chart. The Notes and the 2001 FAA provide that the Republic must repay principal on the Maturity Date shown below:

| ISIN No. | FAA | Maturity Date | Interest Rate | Principal Amount Held by Plaintiff |
|---|---|---|---|---|
| USP97475AD26 | 2001 FAA | December 1, 2018 | 7.0% | $10,000.00 |

16. The Republic failed to repay principal on December 1, 2018 on the AD26 Notes. The Republic has not made any such repayment since then.

17. The Notes and the 2001 FAA provide that the Republic must make interest payments twice a year on the dates shown in the chart below, until the principal is paid or fully provided for. The Republic failed to pay interest on December 1, 2017 and has not made interest payments since that date, as summarized in the chart below:

| ISIN No. | Semi-Annual Payment Dates | First Missed Interest Payment | Plaintiff's Current Amount of Unpaid Interest |
|---|---|---|---|
| USP97475AD26 | June 1<br>Dec. 1 | December 1, 2017 | $4,900.00 |

18. The Republic failed to make the interest payments on the dates shown in the chart below:

| ISIN | Missed Scheduled Payments |
|---|---|
| USP97475AD26 | December 1, 2017; June 1, 2018; December 1, 2018; June 1, 2019; December 1, 2019; June 1, 2020; December 1, 2020; June 1, 2021; December 1, 2021; June 1, 2022; December 1, 2022; June 1, 2023; December 1, 2023; June 1, 2024. |

19. The Republic's failure to repay principal and to make interest payments as indicated constituted Events of Default on the AD26 Notes under the 2001 FAA. Plaintiff's Notes are all outstanding under the terms of the 2001 FAA. Plaintiff, as a holder and beneficial owner of Notes, is authorized to bring this action.

20. By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff and the Class, and the Republic is liable to Plaintiff and the Class for damages, including payment of principal and interest, in amounts to be determined by the trier of fact.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and on behalf of the following classes pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

22. The AD26 Class is defined as: All holders of the AD26 Notes on December 1, 2024, who continue to hold thereafter. In this definition, the "AD26 Notes" are investors' beneficial interests in the issuer's Global Notes, but not the Global Notes themselves.

23. This action is properly brought as a class action in that:

(a) The members of the AD26 Class are so numerous that joinder of all members is impracticable. Plaintiff believes the AD26 Class consists of thousands of investors.

(b) For the AD26 Class, Plaintiff's claims are typical of the claims of all members of the AD26 Class because all Notes contain the same terms and conditions and Plaintiff and all the AD26 Class members have sustained common damages arising out of the Republic's default under the 2001 FAA and on the Notes.

(c) For the AD26 Class, Plaintiff will fairly and adequately protect the interests of the members of the AD26 Class. Plaintiff has retained competent counsel experienced in class action litigation and sovereign note default litigation. Plaintiff does not have any interests antagonistic to those of the AD26 Class. Plaintiff seeks to recover on behalf of himself and all the AD26 Class members. The AD26 Class members may be identified from records maintained by the clearing agents for the Notes and their participants and brokers and may be notified of the pendency of this action through those entities and the media.

(d) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all members of the AD26 Class would be impracticable. Plaintiff knows of no difficulty in the management of this action that would preclude its maintenance as a class action. Section 12 of the 2001 FAA provide that all matters relating to the Notes issued thereunder shall be governed by New York law.

(e) There are questions of law and fact common to the members of the AD26 Class. Those questions predominate over any questions that may affect only individual members in that the Republic's liability arises under the common

terms of the 2001 FAA and the Notes and the Republic's defaults similarly affect all the Class members. For the AD26 Class, among the common questions are (i) whether an event of default has occurred under the 2001 FAA and the Notes; (ii) whether members of the AD26 Class have sustained damages from the default and, if so, the measure of damages; (iii) whether the Republic is liable for breach of contract for its defaults and non-payments; and (iv) whether the Republic claims any defenses and, if so, whether such defenses are valid.

## COUNT I

### (Breach of Contract on the AD26 Notes)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 herein.

25. Plaintiff and the AD26 Class members purchased their Notes for good and valuable consideration.

26. The AD26 Notes were duly issued by the Republic and are valid and unconditional obligations of the Republic.

27. There exists a valid, binding and enforceable contract between Plaintiff and the AD26 Class members, as holders of the Notes under the 2001 FAA, and the Republic, as the obligor under the 2001 FAA and the Notes.

28. Plaintiff and the AD26 Class members have performed and complied with all terms and obligations under the contract with respect to the 2001 FAA and the Notes.

29. The Republic has breached its contractual obligations to Plaintiff and the other AD26 Class members to make timely payments under the 2001 FAA and the Notes as

described herein. Each such contractual obligation will continue as long as a AD26 Class member continues to hold the Notes.

30. The Republic is liable to Plaintiff and the AD26 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff demands orders and judgments against the Republic as follows:

i. Certifying the AD26 Class as set forth herein and designating Plaintiff as the Class representative and his counsel as Class counsel;

ii. Awarding damages to Plaintiff and the other AD26 Class members holding the Notes to compensate them for the Republic's breaches of its obligations under the 2001 FAA and the Notes, in amounts to be determined by the Court;

iii. Awarding Plaintiff his costs, attorney fees, expert fees, interest, costs of suit, and other reasonable compensation and reimbursement, including therein for the AD26 Class the fees, expenses, costs, and other reasonable compensation and reimbursement to AD26 Class counsel; and

iv. Providing such other further relief as this Court shall deem just and proper.

Dated: New York, New York
November 27, 2024

**DUANE MORRIS LLP**

*[signature]*

Name: Anthony J. Costantini
Email: AJCostantini@duanemorris.com

1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1032
Fax: +1 212 202 4715

*Attorneys for Plaintiff*