| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>BOSTON<br>HOUSTON<br>DALLAS<br>FORT WORTH<br>AUSTIN | **DuaneMorris®**<br>*FIRM and AFFILIATE OFFICES*<br><br>ANTHONY J. COSTANTINI<br>OF COUNSEL<br>DIRECT DIAL: +1 212 692 1032<br>PERSONAL FAX: +1 212 202 4715<br>E-MAIL: AJCostantini@duanemorris.com<br><br>*www.duanemorris.com* | HANOI<br>HO CHI MINH CITY<br>SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NORTH JERSEY<br>LAS VEGAS<br>SOUTH JERSEY<br>MYANMAR<br><br>ALLIANCES IN MEXICO |

January 15, 2025

> Application **GRANTED**. Plaintiff has shown good cause under Rule 4(m) to extend the time for service upon Defendant The Bolivarian Republic of Venezuela to **April 28, 2025**. Plaintiff shall file a letter every 30 days from the date of this Order regarding the status of service and shall promptly notify the Court once service is effectuated.
>
> The initial pretrial conference is **ADJOURNED** to **April 16, 2025 at 4:10 P.M.** The parties shall submit their pre-conference materials by **April 9, 2025**.
>
> The Clerk of Court is respectfully directed to close the motion at Dkt. No. 6.
>
> Dated: January 16, 2025
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**VIA ECF**

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Mazzaccone v. The Bolivarian Republic of Venezuela*
      Civil Case No. 24-cv-09114-LGS

Dear Judge Schofield:

    We represent Plaintiff in the above-captioned matter. We write pursuant to Rules I.B and III.D of Your Honor's Individual Rules and Procedures for Civil Cases to respectfully request: (a) a ninety-day extension of the deadline to serve the summons and complaint in this action upon the defendant, The Bolivarian Republic of Venezuela ("the Republic"); (b) a commensurate extension of the deadline to file a joint letter and a Proposed Civil Case Management Plan and Scheduling Order; and (c) a commensurate adjournment of the Initial Pretrial Conference presently scheduled to occur on January 22, 2025 at 4:10 p.m. (D.E. 5.) Plaintiff filed the complaint in this action on November 27, 2024. Despite Plaintiffs' diligence, it appears unlikely that service will be completed by that deadline or before the scheduled Initial Pretrial Conference. As such, we respectfully request extensions of such deadlines.

    This proposed class action for breach of contract action arises out of a series of debt securities issued by the Republic pursuant to a fiscal agency agreement, dated July 25, 2001. The fiscal agency agreement includes choice-of-law and venue provisions pursuant to which the Republic agreed that its obligations would be governed by New York law and enforceable in New York courts. We submit that Plaintiff has made—and is continuing to make – reasonable

DuaneMorris

Honorable Lorna G. Schofield
January 15, 2025
Page 2

efforts to serve the Republic. Further, there is no prejudice to the Republic resulting from the delay in service; indeed, the delay is directly attributable to the Republic.

The Republic is a foreign sovereign that must be served pursuant to the Foreign Sovereign Immunities Act. Specifically, 28 U.S.C. § 1608(a) "provides the sole means for effecting service of process on a foreign state." *Lovati v. Bolivarian Republic of Venezuela*, Nos. 19-cv-4793(ALC), 19-cv-4796(ALC), 2020 WL 6647423, at *2 (S.D.N.Y. Nov. 11, 2020). "The statute prescribes four methods in descending order of preference." *Id.* "Plaintiffs must attempt service by the first method, or determine that it is unavailable, before attempting the subsequent three methods." *Id.* (citations omitted). As discussed below, the first three statutory methods are not available, so Plaintiffs are presently employing the fourth method.

First, although a "special arrangement" once existed as contemplated by Section 1608(a)(1) – i.e., the contracts underlying this Action provide for service of process upon the Republic's Consul General or any official of its Consulate – the Republic abandoned that arrangement when, after a period of political upheaval in Venezuela, the Republic recalled its Consul General and closed its Consulate. *See, e.g., Lovati*, 2020 WL 6647423, at *3; *see also Syracuse Mountains Corp. v. Bolivarian Republic of Venezuela*, No. 21 Civ. 2678 (AT), ECF No. 46 at 3 (S.D.N.Y. Jul. 5, 2023).

Second, as the *Syracuse Mountains* Court found, the Republic "has formally stated that service under §§ 1608(a)(1), (2), and (3) is unavailable," and "the only method of service currently available against Venezuela is set forth in § 1608(a)(4), which allows for service through diplomatic channels." *Syracuse Mountains*, ECF No. 46 at 4. This recent finding by Judge Torres is consistent with our office's experience, including in connection with the above-referenced *Lovati* matter and through subsequent communications with representatives for the Republic. Among other things, we understand that the United States does not recognize the Maduro-controlled Ministry of Foreign Affairs. Further, "Venezuela has objected to service by mail under Article 10 of the Hague Convention." *Osio v. Moros*, No. 1:21-cv-20706-GAYLES, 5 (S.D. Fla. Apr. 21, 2021); *see also* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarianRepublicof.html ("Venezuela formally objected to service under Article 10, and does not permit service via postal channels.").

Based on the foregoing, Plaintiff has determined that the fourth statutory method for service is the only viable method for serving the Republic. As such, we will ask the Clerk of Court for the Southern District of New York to assist with our efforts to serve the Republic consistent with the Clerk's Office Foreign Mailing Instructions regarding Procedures for Service Pursuant to 28 U.S.C. § 1608(a)(4). Under this method, the Clerk transmits original and translated copies of the summons, complaint and other documents to the United States Department of State for service through diplomatic channels. The next step in this process is for the State Department to transmit the materials to the Republic through diplomatic channels and then transmit a certified diplomatic note to the Clerk confirming the same. 28 U.S.C. § 1608(a)(4). The date of service will be the date reflected in that note. *Id.* § 1608(c)(1). Based on

**Duane Morris**

Honorable Lorna G. Schofield
January 15, 2025
Page 3

our experience, this last step can take several months. The Court has found, in equivalent situations, that "the period for completion of service of process may be extended, as 'the timing of service is out of a plaintiff's control.'" *In re South African Apartheid Litig.*, 643 F.Supp.2d 423, 433 (S.D.N.Y. 2009).

For the foregoing reasons, we respectfully request that the Court extend the January 15, 2025 deadline to file a joint letter and a Proposed Civil Case Management Plan and Scheduling Order. We request a commensurate extension of the January 22, 2025 Initial Pretrial Conference. Additionally, we request that the Court extend the January 27, 2025 deadline to serve the summons and complaint by ninety days to April 28, 2025. We will of course apprise the Court of any material developments regarding service of process in the meantime.

Consistent with I.B of Your Honor's Individual Rules and Procedures for Civil Cases, we note that this is the first such request for an extension of the foregoing deadlines and that we have not been able to secure the Republic's consent for this request.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Anthony J. Costantini

AJC

DM1\16091433.1